IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MONOLESA FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-553-JTA |
| | ) | (WO) |
| KOCH FOODS OF ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Koch Foods of Alabama, LLC's Motion to Dismiss. (Doc. No. 22.) Plaintiff Monolesa Fitzpatrick ("Plaintiff") filed a First Amended Complaint on November 5, 2019, alleging discrimination claims under Title VII and 42 U.S.C. § 1981 against her former employer, Koch Foods of Alabama, LLC. (Doc. No. 17.) The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 19, 20.) Upon review of Plaintiff's amended complaint, Defendant's motion, and the parties' briefs, the Court finds that the motion is due to be granted in part and denied in part.

### I.   BACKGROUND

Plaintiff is a woman of Jamaican national origin and African race who is a resident of the State of Alabama. (Doc. No. 17 at 2.) She claims that from the outset of her employment at Koch Foods ("Defendant") she experienced hostility regarding the fact that she is from Jamaica and hostility over allegations that she practices voodoo. (*Id.* at 3.) Plaintiff states that she experienced disparaging remarks, reluctance on the part of

Defendant's Human Resources department to handle the alleged issues, inferior pay for her position relative to other positions, undue discipline, limited access to restrooms, being sprayed with a water hose by a co-worker, and being terminated from her position for filing multiple complaints with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 3-6.) The amended complaint alleges two counts: "Count A - National Origin and Race Discrimination in Employment" and "Count B - Title VII and 1981 Retaliation against Defendant." (Doc. No. 17 at 6-9.)

Defendant moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the amended complaint is a shotgun pleading that fails to provide Defendant with "fair notice of the nature of the claims against it or the supporting allegations." (Doc. No. 22 at 1-2.) Citing Federal Rule of Civil Procedure 10(b), Defendant argues that discrete claims should be pled in separate counts. (Doc. No. 23 at 4 (citing *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).) Defendant asserts that Plaintiff's amended complaint disregards this rule because she combines multiple different claims of discrimination and retaliation in Counts A and B, and combines two claims in Count B for retaliation under Title VII and 42 U.S.C. § 1981. (*Id.* at 4-5.) Defendant also avers that Plaintiff's "§ 1981 claims are due to be dismissed . . . [because] the statute does not provide a cause of action for national origin discrimination." (*Id.* at 2.) Defendant further contends that Plaintiff's retaliation claim under the same statute "does not allege she engaged in conduct protected under § 1981." (*Id.*) Defendant argues that Plaintiff's "Title VII national origin and race claims are due to be dismissed . . . [because] she fails to allege any facts that, if true, would suggest . . . Koch Foods discriminated

against her on the basis of any term or condition of employment because she was from Jamaica or of the African race." (*Id.*)  Finally, Defendant asserts that these claims should be dismissed "for failure to exhaust her administrative remedies at the EEOC level." (*Id.*)

In response, Plaintiff argues that she "sufficiently detailed her allegations so as to put the Defendant on notice as to what their [sic] claims are[.]" (Doc. No. 27 at 2.) Plaintiff also argues that she has exhausted all of her administrative remedies and that "national origin is intertwined with race discrimination and that the defendant had notice of the EEOC charge with opportunity to mediate[.]" (*Id.*) Plaintiff contends that Defendant fails to appreciate that "claims of race and national origin discrimination can be intertwined[,]" which results in her complaint not being a shotgun pleading. (*Id.* at 6.) Plaintiff also contends that dismissal is unjustified because "the same set of facts concerning the disparaging voodoo remarks perpetrated on [her] go to race-based conduct as well as the previously identified national origin discrimination." (*Id.* at 7.) Further, Plaintiff argues that she has pled facts that "if true [] show [Defendant] discriminated against her based on race and national origin discrimination[.]" (*Id.*) Finally, she contends that "in cases where race is tied to national origin, 42 U.S.C. § 1981 provides a cause of action." (*Id.*)

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

A.  Shotgun Pleading

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See Twombly*, 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule of Civil Procedure 10(b) provides

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or 10(b), or both, are often disparagingly referred to as 'shotgun pleadings[,]'" and have been uniformly rejected by the Eleventh Circuit. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see also T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n. 14 (11th Cir. 1985) (Tjoflat, J., dissenting) (explaining why shotgun pleadings are forbidden).

There are four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.  The district court's authority to control its docket "includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Here, Plaintiff's amended complaint is the third type of prohibited shotgun pleading. The amended complaint only includes two distinct counts titled, "Count A - National Origin and Race Discrimination in Employment" and "Count B - Title VII and 1981 Retaliation against Defendant."  (Doc. No. 17 at 6-9.)  Although Plaintiff framed her amended complaint in two counts, it appears that she intended to plead more than two claims in this suit because each count alleges more than one claim for relief.  Under both headings, Plaintiff makes claims regarding race, national origin discrimination, and retaliation.  (*Id*.)  In Count A alone, Plaintiff complains of race discrimination, national origin discrimination, and retaliation with respect to her pay, discipline, termination, hostile work environment "over allegations of voodoo practice," restroom restrictions, and her

5

ability to "make complaints to [Human Resources] without retaliation and/or other terms in violation of 42 U.S.C. § 2000e, as amended, and 42 U.S.C. § 1981 and 42 U.S.C. § 1981a." (Doc. No. 17 at ¶ 32.) This cluster of claims is in clear violation of Federal Rule of Civil Procedure 10(b). Plaintiff has grouped several causes of action together under one count, instead of pleading each cause of action in several discrete counts. *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) ("separate, discrete causes of action should be plead in separate counts"); *Anderson v. District Bd. of Trustees of Cent. Florida Comm. College*, 77 F.3d 364, 366-67 (11th Cir. 1996) ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading."). Plaintiff also alleges "[v]oodoo is so closely intertwined with race (African) and has origins in the slave trade and thus discrimination based on a set of beliefs about voodoo is race and <u>national origin discrimination prohibited by 42 U.S.C. § 1981</u>." (Doc. No. 17 at ¶ 33) (emphasis added). However, section 1981 does <u>not</u> prohibit national origin discrimination. *See Tippie v. Spacelabs Med., Inc.,* 180 F. App'x 51, 56 (11th Cir. 2006) ("By its very terms, § 1981 applies to claims of discrimination based on race, not national origin."); *also Saint Francis College v. Al–Khazraji,* 481 U.S. 604 (1987) (noting § 1981 has been construed to forbid all "racial" discrimination in the making of contracts). Perhaps this is scrivener's error due to the cluster approach used by Plaintiff in alleging her claims. But Plaintiff then repeats this method of pleading in Count B where she asserts "[t]ermination for opposing

6

discrimination and participating in the EEOC charge filing process is retaliation prohibited under Title VII and 42 U.S.C. § 1981." (Doc. No. 17 at 8, ¶ 37.) Count B again violates Rule 10(b) by pleading the retaliation claims together under the same count. Because Plaintiff has failed to separate her causes of action she has not "draw[n] any clear lines between the legal and factual bases for h[er] claims, or set forth the elements of any of h[er] claims." *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019); *see also Cesnik*, 88 F.3d at 905 (reasoning that bundling multiple claims under one count violates the principle that "separate, discrete causes of action should be plead in separate counts").

Moreover, it is not clear which allegations of fact contained in the amended complaint are intended to support Plaintiff's discrimination claims and which allegations of fact are intended to support her retaliation claims. Without such distinction, it appears Plaintiff relies upon every preceding paragraph of the eleven-page amended complaint for her claims. As Plaintiff does not identify which "allegations of fact are intended to support which claims for relief" she makes it "virtually impossible," for the court to determine which facts support which claims. *Anderson*, 77 F.3d at 366; *Weiland*, 792 F.3d at 1320. Here, the task is not combing through numerous facts to determine which ones support the discrete claim under the count, but rather which facts apply to the multiple claims under a particular count. Because there are multiple claims under each count to which the facts might apply, the court is unable to determine which facts support which claims and whether Plaintiff has stated any claims upon which relief can be granted.

Finally, Plaintiffs allegations of fact to support discrimination are conclusory and vague. Specifically, Plaintiff alleges "[f]rom the outset of her employment, [she]

7

experienced hostility over allegations that she was involved with voodoo and from Jamaica[,]" "the voodoo comments did not stop" after she spoke with her head supervisor, "Francisco[,]" and "more demeaning remarks were made about [her] national origin and her noticeable Jamaican accent." (Doc. No. 17 at ¶¶ 9, 15, 26.) Assuming these statements were racially based statements, Plaintiff does not include who made the comments or include details about what was said, when it was said, or in what context it was said. This is the sort of conclusory allegation that would not survive a motion to dismiss for failure to state a claim. *See Seibert v. Comm'r, Ga. Dep't of Corr.*, 680 F. App'x 837, 840 (11th Cir. 2017) (stating that an allegation that defendants transferred plaintiff as retaliation, and did not include any facts, but only conclusions about defendants' responsibility, was too conclusory to state a claim).

    B. Dismissal and Repleading

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Weiland*, 792 F.3d at 1320). When there is a non-merits dismissal on shotgun pleading grounds, district courts have been required to *sua sponte* "allow a litigant one chance to remedy such deficiencies." *Id.*; *see also Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). "In these cases, even if the parties do not request it, the district court 'should strike the complaint and instruct counsel to replead the case–if counsel could in good faith make the representations required by [Rule] 11(b).'" *Id.* (quoting *Byrne*, 261 F.3d at 1133, n.113).

8

An initial repleading order comes with an implicit notion that if plaintiff files a repleader with the same deficiency, "the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne*, 261 F.3d at 1133. The Eleventh Circuit has also held that a "district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). In *Vibe Micro, Inc.*, the Eleventh Circuit clarified the rule by stating "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." 878 F.3d at 1296. After the opportunity to replead is given, *Daewoo* applies to allow the district court to dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend. *Id.* Additionally, "[i]n the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Id.* Therefore, Plaintiff's amended complaint will be dismissed without prejudice and she will be given an opportunity to refile her claims in a manner consistent with Rules 8(a) and 10(b) as explained in this Order.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendant's Motion to Dismiss (Doc. No. 22) is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that the First Amended

9

Complaint (Doc. No. 17) is DISMISSED without prejudice for failure to comply with Federal Rules of Civil Procedure 8(a) and 10(b).  The motion is DENIED in all other respects to refile and reassert any arguments that may be relevant to the second amended complaint.

    2.    Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff is granted leave to file a second amended complaint on or before **June 15, 2021**, that complies with the pleading requirements of the Federal Rules of Civil Procedure and the following requirements of this Order.

        a.    The second amended complaint must set forth, with clarity, short and plain statements showing Plaintiff is entitled to relief.  The body of the complaint shall contain (1) a statement of the grounds for the court's jurisdiction; (2) allegations of fact showing that Plaintiff is entitled to relief; (3) claims for relief set forth in various counts of the complaint; and (4) a demand for relief sought.  Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(b).

        b.    The second amended complaint must set forth, in separately numbered paragraphs, allegations of fact that are simple, concise, direct, <u>sufficiently detailed</u>, and material to Plaintiff's claims.  Plaintiff must allege facts which include the dates, statements made and names of individuals who engaged in the allegedly discriminatory conduct.

        c.    Plaintiff must indicate with clarity which specific factual allegations are material to each specific count.

      d.      The complaint must state which counts and demands for relief (including demands for injunctive, declaratory, and monetary relief) are asserted.  Plaintiff shall have a colorable legal basis for asserting each count or demand for relief.  Fed. R. Civ. P. 11(b)(2).

Plaintiff is ADVISED that, if she does not file a second amended complaint on or before **June 15, 2021**, this action will be dismissed without prejudice.  Claims and demands for relief that fail to comply with the Federal Rules of Civil Procedure and the requirements of this Order may be subject to dismissal without further opportunities for amendment.

DONE this 1st day of June, 2021.

_/s/ Jerusha J. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE