# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **MONOLESA FITZPATRICK** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. | |
| | **Civil Action No:** |
| **KOCH FOODS FOODS** ) | **2:19-cv-00553-JTA** |
| **OF ALABAMA, LLC** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

## I.   JURISDICTION

1. This is a suit authorized and instituted pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, As Amended, and 42 U.S.C. § 1981, and 42 U.S.C. § 1981a.

2. Monolesa Fitzpatrick ("Fitzpatrick" or "Plaintiff") is of Jamaican national origin and of African race. Fitzpatrick seeks declaratory, injunctive, back pay, front pay, compensatory and punitive damages,

and other relief to redress deprivation by Defendant of her right to be free from discriminatory employment practices.

## II. ADMINISTRATIVE EXHAUSTION

3. Fitzpatrick filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant Koch Foods of Alabama, LLC doing business as Koch Foods within 180-days of the discriminatory acts.

4. On August 19, 2019, the EEOC issued the final right to sue letter based on Fitzpatrick's termination- EEOC Charge #420-2019-00957. Fitzpatrick filed her Amended Complaint (Dkt. 17) within ninety (90) days after receiving that right to sue notice.

5. 42 U.S.C. §1981 has no administrative requirements.

## III. STATEMENT OF FACTS

6. Monalesa Fitzpatrick is of Jamaican national origin and of the African race, over the age of 18 and a resident of the State of Alabama.

7. Defendant, Koch Foods of Alabama, LLC, P.C. is an employer and an entity subject to suit under Title VII of the Civil Rights Act of 1964, and 42 U.S.C.§ 1981.

## IV. FACTS

8. On January 24, 2017, Ms. Fitzpatrick began employment in Koch Foods of Alabama, LLC chicken processing facility.

9. From the outset of her employment, Fitzpatrick experienced hostility over allegations that she was involved with voodoo and from Jamaica.

10. In December 2017, Fitzpatrick filed her first EEOC charge which allegations included that terms and conditions of her employment changed after a co-worker informed management that she practiced voodoo.

11. Ms. Fitzpatrick switched from night shift to day shift to escape the hostility.

12. Ms. Little, Ms. Fitzpatrick's new day supervisor and line leader, continued to make disparaging remarks to Fitzpatrick that she was from Jamaica and that Fitzpatrick practiced voodoo.

13. Fitzpatrick was assigned the more difficult breast and tender scorer without the pay.

14. A co-worker advised Fitzpatrick that she was receiving the tender clipper pay for the more difficult scorer position.

15. Fitzpatrick continued to oppose the conduct by reporting to HR that she was upset by voodoo remarks. HR department was not interested in addressing Fitzpatrick's concerns and instructed her to speak with Francisco, a head supervisor.

16. Fitzpatrick spoke with Francisco about the charges that she was a voodoo practitioner and other work issues. The voodoo comments did not stop.

17. When Supervisor Little became ill, another supervisor, Davis Vernon, asked Fitzpatrick what she did to Little. And when Fitzpatrick responded nothing, Davis stated she must have cast a voodoo spell on Ms. Little.

18. Davis also without permission touched Fitzpatrick to allegedly check for earrings.

19.     Fitzpatrick returned to HR to protest her discriminatory treatment.

20.     HR again informed Fitzpatrick that they do not receive these type of complaints and she should inform her supervisor.

21.     Fitzpatrick was asked why she kept reporting to HR about her work issues, which included the allegations that she was involved with voodoo.

22.     Accusations of being a voodoo practitioner are inextricably intertwined with the African race as voodoo's origins stem from the African slave trade.  See https://www.bbc.com/news/world-latin-america-23166213 "Enslaved Africans brought spiritual practices to the Caribbean that included folk healing and a belief in magic for good and for evil."

23.     After protesting discrimination, Fitzpatrick was disciplined (suspended) for not letting another employee use the restroom.

24.     Fitzpatrick had previously been informed that the rules did not permit her to excuse an employee that a supervisor had that responsibility.

25. Additionally, Fitzpatrick's own ability to visit the restroom was then limited.

26. On April 15, 2018, Supervisor Little refused Fitzpatrick's restroom request and with negative consequences for Fitzpatrick as she utilized the restroom on herself.

27. Fitzpatrick initially tried to resolve the issues through Koch's HR department and when that did not help Fitzpatrick filed her EEOC charges.

28. On January 28, 2019, co-worker Tanya Gibbs utilized a water hose to spray Fitzpatrick.

29. Fitzpatrick reported the conduct to the Human Resources and filled out a form.

30. Gibbs proceed to threaten Fitzpatrick that she would beat her up.

31. Fitzpatrick returned to Human Resources to report the conduct and was informed that she could not make a complaint on the same person twice.

32. On January 29, 2019, fellow employees Tanya Gibbs and Teresa (LNU) were again talking about beating up Fitzpatrick. Fitzpatrick reported the conduct again with no success in any remedial action.

33. Fitzpatrick went to Human Resources in another department, (Kill) and was informed that nothing could be done because Gibbs was not in that department and recommended that Fitzpatrick go to Human Resource Manager Nikki Bibb.

34. Fitzpatrick met with Bibb, along with her union representative (Steve) and supervisor Constance Morgan.

35. Human Resources Manager Nicki Bibbs informed Fitzpatrick that since filing a lawsuit with the EEOC, she was complaining a lot.

36. Bibbs proceeded to terminate Fitzpatrick.

37. Fitzpatrick had not filed an EEOC lawsuit but had filed multiple EEOC charges (December 17, 2017, April 30, 2018, and August 2018)[1] and been to HR on numerous occasions and protested discriminatory treatment.

---

[1] Fitzpatrick's EEOC charges can be found at the Dkt. 23-1.

## V.     COUNTS

### A.    Count 1- Retaliation Prohibited by 42 U.S.C 2000e-3(a)

38. Fitzpatrick engaged in protected activity by complaining to Human Resource Representatives and the filing charges with United States Equal Employment Opportunity Commission about discrimination based on national origin (Jamaican). See EEOC charges (previously filed, Dkt. 23-1) and facts 10,12,15,16,17, 21, and 27.

39. Following the filing of charges and her opposition discriminatory treatment, the defendant ultimately terminated Fitzpatrick's employment citing her filing of an EEOC lawsuit.   See facts 36 and 37.

40. The Defendant retaliated against Fitzpatrick because she asserted rights protected by law.

41. Termination for opposing discrimination and/or participating in the EEOC charge filing process is retaliation prohibited under Title VII.

42. The defendant informed her that since filing a lawsuit with the EEOC she complained a lot and terminated her employment.  This but for the filing of the EEOC charges resulting in termination is reckless

and willful retaliation on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

Fitzpatrick has suffered embarrassment, humiliation, mental distress and emotional pain and anguish because of the Defendant's retaliatory conduct.

43. Fitzpatrick has no plain, adequate, or complete remedy at law to wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

44. As a result of the Koch Food's actions and that of their agents, Fitzpatrick suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

B.   Count II-Retaliation Violation of 42 U.S.C § 1981

45. The termination also violates 42 U.S.C. § 1981's prohibitions for retaliation for opposing race discrimination.

46. Fitzpatrick's complaints to Koch's Human Resources Department and the EEOC about discrimination included that she was being labeled a practitioner of Voodoo. See Facts 10, 12, 15, 16, 17, 21, & 27.

47. Voodoo is so closely intertwined with race (African) and has origins in the slave trade and thus opposing discrimination on this basis is covered by 42 U.S.C § 1981 protections from race discrimination.

48. The voodoo charges against Fitzpatrick were made by multiple supervisors and employees. Koch Food HR's department did not take Fitzpatrick's concerns seriously and turned her away.

49. As a further consequence and effect of the termination, the Plaintiff was deprived of income and other compensation and benefits.

50. Fitzpatrick has suffered embarrassment, humiliation, mental distress and emotional pain and anguish because of Defendant's retaliatory conduct.

51. Fitzpatrick has no plain, adequate, or complete remedy at law to wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

52. As a result of the Koch Food's actions and that of their agents, Fitzpatrick suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

## VI. PRAYER FOR RELIEF

WHEREFORE, Fitzpatrick respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff, et seq., Title VII of the Civil Rights Act of 1964, As Amended. And 42 U.S.C § 1981.

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

4. Enter an Order to make the Plaintiff whole by granting her appropriate declaratory and injunctive relief that among other items and retirement benefits, as well as nominal and/or

compensatory, punitive damages, front pay, back pay, liquidated damages, and other benefits of employment.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees and expenses.

## **JURY DEMAND**

A TRIAL BY JURY IS DEMANDED

Respectfully submitted,

s/Lee Winston
Lee Winston
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Birmingham, AL 35203
Tel: (205) 482.3551
email: lwinston@winstoncooks.com