IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONOLESA FITZPATRICK, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CIVIL ACTION NO. |
| KOCH FOODS OF ALABAMA, LLC, | )   2:19-cv-00553-JTA |
| | ) |
|   Defendant. | ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Koch Foods of Alabama, LLC ("Defendant" or "Koch Foods"), submits this reply brief in further support of its Motion for Summary Judgment as to all Monolesa Fitzpatrick's ("Fitzpatrick") claims. Accordingly, Koch Foods states as follows:

**I.     INTRODUCTION.**

Fitzpatrick fails to establish a prima facie case of retaliation. She relies upon Bibb's alleged comment about Fitzpatrick "complaining a lot" after she filed an EEOC charge and the timing between Koch Foods' December 2018 EEOC response and her termination. As addressed *infra*, neither the comment nor the EEOC response demonstrate but for causation. However, even if Fitzpatrick could

demonstrate causation, she has failed to refute Koch Foods' legitimate, nonretaliatory reasons for her termination. Fitzpatrick admits she was involved in a fight with a co-worker immediately before her termination. Fitzpatrick admits Koch Foods investigated the fight and that, during the investigation, multiple employees reported that Fitzpatrick made threats of violence. Fitzpatrick also does not deny that she left the production line without permission despite her supervisor instructing her to wait until a replacement could be found. Fitzpatrick makes no argument in response to Koch Foods' legitimate, nonretaliatory reasons for her termination, and, in fact, concedes Koch Foods believed she engaged in the misconduct.  As such, summary judgment in Koch Foods' favor is due to be granted.

## II.     REPLY TO FITZPATRICK'S PURPORTED FACTS.

### A.     Facts To Which Fiztpatrick Admits.

1. Fitzpatrick admits she had an altercation with Tanya McCaskey right before her termination. (Doc. 55, p. 5).

2. Fitzpatrick admits Koch Foods investigated the incident. (Doc. 55, p. 5).

3. Fitzpatrick admits five (5) different employees reported she made "malicious statements." (Doc. 55, p. 5).

4. Koch Foods' investigation concluded Fitzpatrick violated its Rules of Conduct including that she had engaged in job abandonment, making malicious

statements, cursing co-workers, and threats of violence. (Doc. 55, p. 6).

### B. Fitzpatrick's Allegations Which Are Not Supported by the Record or Admissible Evidence.

1. Fitzpatrick alleges a co-worker asked her if she worked voodoo for real, if she was a witch, and if she was a voodoo lady. (Doc. 55, p.3). Fitzpatrick alleges she "went to HR about the comments." (*Id*.). However, the testimony cited by Fitzpatrick does not establish she complained to anyone in HR about the purported voodoo comments. Rather, in the cited testimony, Fitzpatrick admitted she only complained she was being bulled. (Fitzpatrick Depo. 29:12-33:8).

2. Although not in her statement of facts, Fitzpatrick argues in her response that "Koch employees viewed another Jamaican employee in demeaning racial tropes." In support of this allegations, Fitzpatrick cites her own statement to the EEOC in which she alleged that another Jamaican employee was called derogatory names. (Doc. 55, p. 15). Fitzpatrick's statement is inadmissible hearsay and lacks foundation as to basis of Fitzpatrick's personal knowledge of the alleged comments. Rule 56(e), Fed.R.Civ.P., provides that "[s]upporting and opposing affidavits shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir.2007) ("Even on summary judgment, a court is not obligated to take as true testimony that is not based upon personal knowledge.") (citation omitted). There is no predicate foundation in the statement

3

that establishes Fitzpatrick heard the alleged comments – not even a generalized statement that the information in the statement is based on Fitzpatrick's personal knowledge. *Martin v. Rumsfeld*, 137 F. App'x 324, 326 (11th Cir. 2005)(holding that when an affiant represents at the beginning of the affidavit that the statements therein were "made on [her] personal knowledge," and did not otherwise qualify the statements at issue as being based on anything other than her personal knowledge," the district court was "bound to accept her statements as true, unless the context demonstrated otherwise"). Rather, Fitzpatrick's statement directs the EEOC to ask other employees and to view camera footage to substantiate the alleged remarks.

Moreover, Fitzpatrick's allegations are irrelevant to her retaliation claims as there is no evidence that she complained to anyone about the alleged comments or that Koch Foods was otherwise aware of such comments. Thus, the Court should not consider Fitzpatrick's allegations about these purported comments.

III.  **REPLY ARGUMENT.**

    A.  **Fitzpatrick Has Failed to Show Her EEOC Charge Was the But For Reason For Her Termination.**

        1.  **Bibb's alleged statement fails to establish but for causation.**

To demonstrate causation, Fitzpatrick relies upon Bibb's alleged statement at one of the purported termination meetings and the timing of Koch Foods' EEOC response. Neither carry Fitzpatrick's burden to establish but for causation. As for Bibb's statement, Fitzpatrick relies upon *Yarbrough v. YKK U.S.A., Inc.*, 2021 WL

4901903, at *3 (N.D. Ga. 2021). Koch Foods agrees *Yarbrough* is illustrative of the point that Bibb's alleged statement is not direct evidence of retaliation. In *Yarbrough*, the plaintiff alleged the supervisor said she "should have kept her mouth closed" and would "still have a job" in response to the plaintiff's question "So y'all are firing me for doing the right thing and reporting bullying, racial discrimination, racial harassment, because I reported it?." The plaintiff further alleged the supervisor told her that the company did not need any "racial tension" on the floor. The district court held:

> Here, the Court has doubts that the statement at issue constitutes direct evidence under the binding authority in this Circuit. To be sure, it is entirely possible that a reviewing jury could determine that Ms. Uselton's comment that Plaintiff "should have kept [her] mouth shut" directly responded to Plaintiff's question asking if she was fired for reporting racial harassment—which would indeed constitute direct evidence. However, that is not the only interpretation of the exchange. As Defendant argues, a factfinder could understand Ms. Uselton's comment that Plaintiff "should have kept [her] mouth shut" as referring to Plaintiff's alleged tendency to engage in gossip and "run[ ] to the supervisors with incorrect or made up stories of other employees." To find that Ms. Uselton's alleged statement was direct evidence of retaliatory motive requires an inference that Plaintiff "should have kept [her] mouth shut" about racial harassment, as opposed to other non-protected speech. In this Circuit, evidence that is "subject to more than one interpretation" does not constitute direct evidence. *Meritt*, 120 F.3d at 1189; *Marria v. C.R. England, Inc.*, 679 F. App'x 844, 848 (11th Cir. 2017) (finding no direct evidence where decisionmaker stated in email that "[w]hen my supervisor gets in this morning I am going to review [the plaintiff] for a termination. He has also filed [an EEOC charge] against me and [the employer]."); *See also, Mwawasi v. Sam's Club East, Inc.*, No. 1:07-cv-1717-AJB, 2008 WL 11333413, at *6 (N.D. Ga. Dec. 18, 2008) (finding that decisionmaker's comment that "there are young folk who can do better than you" was not direct evidence because

5

it was subject to multiple interpretations and required an inference to reach the conclusion that decisionmaker fired the plaintiff because of his age) report and recommendation adopted, 2009 WL 10671147 (N.D. Ga. Jan. 6. 2009). Accordingly, the Court finds that Ms. Uselton's alleged statement does not constitute direct evidence.

*Yarbrough v. YKK U.S.A., Inc.*, No. 1:20-CV-419-AT, 2021 WL 4901903, at *3 (N.D. Ga. June 29, 2021)(internal record citations omitted).

Bibb's alleged comment "ever since [you] filed a lawsuit with the EEOC, [you've] been complaining a lot" is even more vague than the supervisor's statements in *Yarbrough* and subject to more than one interpretation. (Fitzpatrick Depo. 197:18-22). It is not a definitive statement that Koch Foods terminated Fitzpatrick *because* she filed EEOC Charges. Even if the statement was made, which Bibb and every other person present at the meeting denies, it could be interpreted as Bibb's mere observation about the deterioration in Fitzpatrick's attitude after she filed EEOC Charges. Thus, consistent with Eleventh Circuit precedent, *Yarbrough* demonstrates Bibb's alleged statement cannot be construed as direct evidence of retaliatory intent for purpose of defeating summary judgment.

    **2.**    **The timing of Koch Foods' EEOC response fails to establish causation.**

Unable to grapple with the timing of her EEOC Charges, Fitzpatrick relies upon the date on one of Koch Foods' responses submitted to the EEOC. Specifically, Fitzpatrick notes Koch Foods submitted an EEOC response in December of 2018. (Doc. 55, p. 13). Fitzpatrick fails to cite any case law which provides that temporal

6

proximity should be measured from the date of the employer's response instead of the date the protected conduct occurred. Indeed, the Supreme Court has recognized as "utterly implausible" the argument that an EEOC filing in which "the employee takes no part" is a "protected activity of the employee." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, (2001) (citing 42 U.S.C. § 2000e–3(a))(rejecting the argument that temporal proximity between issuance of right to sue letter and the adverse action established causation); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)("The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action."). Fitzpatrick took no part in Koch Foods' EEOC response, and, as such, she cannot rely upon the response to increase the temporal proximity.

Nevertheless, as Fitzpatrick notes, Koch Foods' December 2018 position statement was in response to Fitzpatrick's initial EEOC Charge[1] of which Koch Foods became aware on November 14, 2018. (Doc. 56-6, p.2). Koch Foods terminated Fitzpatrick's employment on February 6, 2019 – almost three (3) months later. The Supreme Court has held temporal proximity, without more, must be "very close." *Breeden*, 532 U.S. at 273 (citing *Richmond v. ONEOK*, 120 F.3d 205, 209 (10th Cir.1997) (3 month period insufficient) and *Hughes v. Derwinski*, 967 F.2d 1168, 1174–75 (7th Cir.1992) (4 month period insufficient)). The Eleventh Circuit

---

[1] Fitzpatrick's initial Charge was filed on December 21, 2017. (Doc. 56-2, p. 2).

has held "[a] three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas*, 506 F.3d at 1364. The three (3) months between when Koch Foods learned of Fitzpatrick's additional EEOC Charge and her termination is insufficient as a matter of law to establish but for causation.

Moreover, Fitzpatrick's "intervening unprotected conduct eroded any causal connection that [could be] suggested by the temporal proximity of [her] protected conduct and [her] termination." *Kiel v. Select Artificials, Inc*., 169 F.3d 1131, 1136 (8th Cir. 1999). The Eleventh Circuit has recognized "[i]ntervening acts of misconduct can break any causal link between the protected conduct and the adverse employment action." *Henderson v. FedEx Express*, 442 F. App'x 502, 506 (11th Cir. 2011); *Alvarez v. Royal Atlantic Developers, Inc*., 610 F.3d 1253, 1270 (11th Cir. 2010) ("We emphasize that Title VII's anti-retaliation provisions do not allow employees who are already on thin ice to insulate themselves against termination or discipline by preemptively making a discrimination complaint."); *Kiel*, 169 F.3d at 1136 ("Although contesting an unlawful employment practice is protected conduct, the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace." ); *Yelling v. St. Vincent's Health Sys*., No. 2:17-CV-01607-SGC, 2020 WL 7059450, at *11 (N.D. Ala. Dec. 2, 2020)(holding plaintiff's falsification of medical records "constituted intervening

conduct to defeat any inference of a causal connection created by temporal proximity" of two (2) months between the plaintiff's protected conduct and termination). As noted by Fitzpatrick, she filed multiple EEOC Charge between December of 2017 and December of 2018. However, Fitzpatrick was only terminated after she was involved in an altercation with another co-worker which Fitzpatrick admits occurred. As a matter of law, Fitzpatrick's intervening misconduct breaks any causal link between Koch Foods' submission of its EEOC response and her termination.

> **B. Fitzpatrick Has Failed to Show Koch Foods' Reasons For Her Termination Were a Pretext for Retaliation.**
>
>> **1. Fitzpatrick has waived any argument that Koch Foods' reasons were pretextual.**

"A court may find that a party waived any challenge to arguments which it did not address in its response to a summary judgment motion." *Carter v. BPCL Mgmt., LLC*, No. 19-60887-CIV, 2021 WL 7502560, at *8 (S.D. Fla. Sept. 28, 2021) (citing *Schwarz v. Bd. of Supervisors on behalf of Villages Cmty. Dev. Districts*, 672 F. App'x 981, 983 (11th Cir. 2017)) (affirming a district court's finding that plaintiffs had waived any challenge to the defendant's motion for summary judgment on certain grounds which the plaintiffs did not address in their response to the motion for summary judgment); *see also N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without

9

supporting arguments and citation to authorities, are generally deemed to be waived.") (citing *Continental Tech. Serv., Inc. v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991)). Koch Foods argued it terminated Fitzpatrick's employment for legitimate, nonretaliatory reasons. Fitzpatrick has failed to refute or even address this argument in her response. (Doc. 55). As such, Fitzpatrick has waived any challenge to Koch Foods' argument that her termination was for non-retaliatory reasons. Summary judgment is due to be granted on this basis alone.

### 2. Koch Foods' treatment of McCaskey does not establish pretext.

Fitzpatrick fails to rebut the numerous reasons asserted by Koch Foods for Fitzpatrick 's termination. To the extent Fitzpatrick relies upon the assertion in her "Statement of Facts" that Tonya McCaskey was not disciplined for her alleged role in the fight with Fitzpatrick as evidence of pretext, her argument is not well taken. It is undisputed Fitzpatrick left her line without permission and that numerous employees reported that Fitzpatrick made threats of physical violence toward McCaskey. Fitzpatrick points to Jennifer Howard's statement that McCaskey and Fitzpatrick "were going at back and forth." (Doc. 55, p. 6). However, there is no allegation by Howard or anyone else that McCaskey make any threats of violence toward Fitzpatrick. In addition, there is no allegation that McCaskey left her work area without permission. Thus, McCaskey is not a proper comparator. *See Anderson v. WBMG-42*, 253 F.3d 561, 564 (11th Cir. 2001) (quoting *Holifield v. Reno*, 115

F.3d 1555, 1562 (11th Cir.1997). (… [T]he plaintiff must show that the comparator employees are 'involved in or accused of the same or similar conduct' yet are disciplined in a different, more favorable manner.").

Likewise, Fitzpatrick's denials of the alleged misconduct fail to demonstrate pretext. (Doc. 55, p. 5). "The law is clear that, even if a Title VII claimant did not in fact commit the violation with which he is charged, an employer successfully rebuts any prima facie case of disparate treatment by showing that it honestly believed the employee committed the violation." *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470–71 (11th Cir.1991) (stating the proper inquiry in the pretext context is whether employer believed in good faith that employee committed misconduct, not whether employee was actually guilty of misconduct). Fitzpatrick complains that Koch Foods believed the multiple other employees who provided statements instead of her. (Doc. 55, p. 6). However, Fitzpatrick has failed to point to any evidence as would show that Koch Foods lacked a reasonable belief that Fitzpatrick engaged in the misconduct reported by her supervisor and co-workers. Thus, Fitzpatrick's mere denial of wrongdoing fails to establish pretext.

### C. Fitzpatrick Has Failed to Point to any Evidence of Racial Discrimination for Purposes of Her § 1981 Claim.

Fitzpatrick attributed the alleged offensive comments to her being "Jamaican" and "from a different culture." (*Id.* at 57:9-22). Instead of pointing to any evidence

11

of racial discrimination or complaints of race discrimination, Fitzpatrick cites to distinguishable cases and non-binding opinion articles. Specifically, Fitzpatrick quotes this Court's opinion quoting in turn the Fourth Circuit Court of Appeals' opinion in *Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151, 158–59 (4th Cir. 2018). In *Nnadozie*, however, the Fourth Circuit held the employee's § 1981 hostile work environment claim survived summary judgment because the employee presented evidence of racially discriminatory conduct *in addition to* allegations the plaintiff was called a voodoo practitioner. Specifically, the employee presented evidence that (1) the supervisor "made statements that Africans were plaguing her with voodoo; (2) sworn testimony the supervisor screamed in her face; (3) co-worker's sworn testimony alleging the supervisor routinely instructed him to "get rid of the Africans"; and (4) testimony that the supervisor "mainly screamed at African nurses." *Nnadozie,* 730 F. App'x at 158–59. Fitzpatrick points to no evidence of race-based conduct – only that employees made comments about her being a voodoo witch, which Fitzpatrick admittedly attributes to her national origin.

Fitzpatrick's reliance on *MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 552 (S.D.N.Y. 2012) is similarly misplaced. The *MacMillan* case did not involve any question about whether the plaintiff's allegations were attributable to national origin discrimination rather than race. Indeed, the plaintiff in MacMillan presented substantial evidence at trial of racially discriminatory conduct, including

disparate discipline of white and black employees and racially offensive language, including use of the "n" word. *MacMillan*, 873 F. Supp. 2d at 552-53. The voodoo issue arose because the plaintiff's white supervisor purchased a black voodoo doll in New Orleans and hung it from a bulletin board by what the plaintiff perceived to be "a noose around its neck" which the plaintiff's co-workers testified "evoked a lynching." *Id.* Fitzpatrick fails to present any such evidence of racially offensive conduct.

*Delly v. H.I.R.E. Inc*. also fails to provide any support for Fitzpatrick's 1981 claim in that case, the district court denied the employer's motion to dismiss noting that the plaintiff made "bare references to race in his complaint" despite labeling his 1981 claim as one of national origin discrimination. *Delly v. H.I.R.E. Inc*., No. 04 CV 1481 (JG), 2004 WL 2297821, at *7 (E.D.N.Y. Oct. 13, 2004). The district court denied the employer's motion noting that "parties should have opportunity to offer evidence when tracing the demarcation between race and national origin." Fitzpatrick has had the opportunity to offer evidence tracing that demarcation but has failed to do so. Fitzpatrick's testimony makes clear that her claim is based upon her national origin. She has failed to present any evidence of race discrimination.

Finally, Fitzpatrick's citations to opinion pieces fails to create an issue of fact as to whether she has presented evidence of race discrimination. Of note, the articles cited by Fitzpatrick discuss disparagement of the voodoo religion by white

13

supremacists over one hundred years ago to make other white people fear "black freedom" implicating a racial connection. (Doc. 55, pp. 16-17). Here, however, Fitzpatrick admits the voodoo comments were made to her primarily by black employees. (Fitzpatrick Depo. 53:21-55:17). Accordingly, these articles provide no support for Fitzpatrick's contention that the voodoo remarks were intended as race discrimination.

### D.  Fitzpatrick Has Failed to Show Koch Foods Had Notice of any Race Discrimination Complaint.

Koch Foods identified the lack of evidence in the record that Koch Foods was on notice that Fitzpatrick made a complaint of race discrimination for purposes of her § 1981 retaliation claim. (Doc. 51, pp. 22-23). In response, Fitzpatrick argues she need only show she had a reasonable belief that being called a voodoo witch was discriminatory. (Doc. 55, p. 19). Fitzpatrick's argument misses the point. Koch Foods argument rests on whether it had notice of a race discrimination complaint and not on whether Fitzpatrick had a reasonable belief that discriminatory conduct was occurring. Fitzpatrick fails to point to any evidence that anyone involved in the decision to terminate her employment was aware of her making a race-based discrimination complaint. Accordingly, summary judgment on Fitzpatrick's § 1981 retaliation claim is due to granted on this additional ground.

## IV. CONCLUSION.

WHEREFORE, above premises considered, Koch Foods respectfully moves this Court for an order granting its motion for summary judgment, dismissing Fitzpatrick's complaint with prejudice, and taxing costs against her.

*s/ Rachel V. Barlotta*
RACHEL V. BARLOTTA
KATELYN DODD
Attorneys for Defendant
Koch Foods of Alabama, LLC

<u>OF COUNSEL</u>:
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
1901 Sixth Avenue North, Suite 2600
Birmingham, AL  35203
(205)328-0480 Telephone
(205)322-8007 Facsimile

**Certificate of Service**

I certify that the foregoing has been served upon the following parties and counsel of record by email, electronic filing, or by depositing a copy thereof in the United States mail, properly addressed and postage-prepaid, this April 12, 2023:

Lee Winston
WINSTON COOKS, LLC
505 20th Street North
Birmingham, Alabama 35203

*s/Rachel V. Barlotta*
Of Counsel
