IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MONOLESA FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:19-cv-553-JTA |
| v. | ) | |
| | ) | (WO) |
| KOCH FOODS OF ALABAMA, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff's Motion to Amend Pretrial Order. (Doc. No. 95.) For the reasons stated below, the motion is denied.

Plaintiff requests that the Court amend the Order on Pretrial Hearing to include her claim for punitive damages. (Doc. No. 95.) Amending the Order on Pretrial Hearing in this manner would add new elements to Plaintiff's case[1] as well as new defenses and other new legal issues. Witness lists, exhibit lists, jury instructions, and the like, and objections thereto, would need to be amended and reconsidered, which would require the parties and

---

[1] As this Court previously stated in *Gray v. Koch Foods, Inc.*, 580 F. Supp. 3d 1087, 1122-1123 (M.D. Ala. 2022):

> To recover punitive damages in her Title VII case, [the plaintiff] must establish that the Koch defendants engaged in a discriminatory practice "with malice or with reckless indifference" to her federally protected rights. 42 U.S.C. § 1981a(b)(1). Malice or reckless indifference is established by a showing that the employer discriminated in the face of the knowledge that its actions would violate federal law. [*Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1280 (11th Cir. 2002).] However, "the inquiry does not end with a showing of the requisite 'malice or . . . reckless indifference' on the part of certain individuals . . . The plaintiff must [also] impute liability for punitive damages to the [employer]." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 539, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999).

the Court to backtrack – this, at a time when the parties are so pressed for trial preparation time that today, *Plaintiff* filed a motion to change a status conference[2] that is coming up in four days (the Friday before trial starts the following Monday) from an in-person conference to a telephone conference because

> [P]laintiff['s] and [D]efendant's counsel will be traveling from Birmingham to Montgomery for the status conference. Given that trial starts the following Monday, for efficiency plaintiff's counsel proposes that the roundtrip driving time could be better utilized on trial preparation.

(Doc. No. 101 at 2.)

The Court is mindfully understanding that trial preparation takes significant time and resources. However, given this fact and Plaintiff's failure to comply with Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiff's Motion to Amend Pretrial Order (Doc. No. 95) is due to be denied as untimely. The Order on Pretrial Hearing was entered on August 17, 2023, following the final pretrial conference. (Doc. No. 72.) According to the Order on Pretrial Hearing, "any objections or suggested corrections" to the Order were due not later than August 24, 2023. (*Id*. at 10.) Plaintiff filed her Motion to Amend Pretrial Order on September 7, 2023, two full weeks after the August 24, 2023, deadline for motions to amend the Order on Pretrial Hearing and a week and a half prior to trial.[3] Therefore, before Plaintiff is entitled to the Court's consideration of her motion on its merits, she must first

---

[2] The date of the status conference was set by the August 17, 2023 Pretrial Order. (Doc. No. 72 at 10.) The date of the trial has been set since June 15, 2023. (Doc. No. 63.)

[3] Defendants filed a response in opposition to Plaintiff's motion on September 11, 2023. (Doc. No. 97.)

show "good cause" and "excusable neglect" for extending the deadline to seek a correction of the Order on Pretrial Hearing. Fed. R. Civ. P. 6(b). Plaintiff offers no reason[4] why she did not include punitive damages in the parties' proposed pretrial order or why she did not timely file her motion. In providing no explanation for missing the deadline by so prejudicially significant a margin, Plaintiff demonstrates neither good cause nor excusable neglect.

Alternatively, Plaintiff's motion is due to be denied on its merits. Though Plaintiff recognizes that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice," Fed. R. Civ. P. 16(e),[5] Plaintiff's motion is devoid of any reason why she would suffer manifest injustice if the order is not amended. If anything, manifest injustice would be done if now, on the eve of trial and after the parties have been operating for almost a month under the provisions of the Order on Pretrial Hearing, punitive damages were suddenly thrown back into play. Again, Plaintiff's contention that approximately three hours of travel to attend an in-person conference will be too

---

[4] Plaintiff merely states that she "became aware that the Pretrial Order's section on damages does not separately claim punitive damages" after Defendant served Plaintiff with its Proposed Jury Verdict Forms (Doc. No. 91) and its Trial Brief (Doc. No. 95). She does not indicate why she only became aware of this fact after service of those two documents, particularly in light of the fact that the Order on Pretrial Hearing set forth the Plaintiff's damages claims based on a proposed pretrial order that was jointly submitted by the parties and that was discussed at the August 17, 2023 Pretrial Hearing.

[5] As stated in the Advisory Committee Notes on the 1983 Amendments to Rule 16:

> Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived. Although an order specifying the issues is intended to be binding, it may be amended at trial to avoid manifest injustice. *See* Rule 16(e). However, the rule's effectiveness depends on the court employing its discretion sparingly.

burdensome on trial preparation (Doc. No. 101 at 2) suggests that even Plaintiff should understand that, at this late date, the added trial preparation time necessitated by adding punitive damages back into mix would be manifestly unjust, prejudicial to Defendant, and a hardship on the Court.

Plaintiff suggests that Defendant should have known that she would be seeking punitive damages at trial because of pleadings and discovery responses that predate the final pretrial conference. On the contrary, as Defendant points out, the Order on Pretrial Hearing captures Plaintiff's stipulation that she seeks $500,000.00 in compensatory damages for pain and suffering, which exceeds the statutory cap for punitive and compensatory damages combined. (Doc. No. 72 at 7.) *See* 42 U.S.C. § 1981a(b)(3) (limiting the total amount of damages for pain, suffering, and punitive damages to $300,000.00 for defendants with more than 500 employees). Thus, not only did Plaintiff *not* indicate an intent to seek punitive damages at the final pretrial conference, but the amount of compensatory damages she stipulated she *would* seek affirmatively suggests she did not plan to seek punitive damages. It is not uncommon for plaintiffs to narrow their damages demands at trial if, for example, they determine that earlier demands are unwarranted or that other considerations justify a departure from the damages demanded in the pleadings. Hence, as of the final pretrial conference, it appeared that Plaintiff no longer intended to seek punitive damages. For these reasons, despite Plaintiff's earlier pleadings and discovery responses, no reasonable attorney, after reviewing the pretrial order, would have thought the punitive damages were going to be an issue at trial. Accordingly, and also for the reasons Defendant stated in its Response in Opposition to

4

Plaintiff's Motion to Amend Pretrial Order (Doc. No. 97), Plaintiff's motion is alternatively due to be denied on its merits.

Accordingly, it is ORDERED that Plaintiff's Motion to Amend Pretrial Order (Doc. No. 95) is DENIED.

DONE this 12th day of September, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE